DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| In re:<br><br>JASON MATTHEW CLAUSING<br><br><br><br><br>Debtor(s) | Chapter 13<br>Case No.  19-51759 SLJ<br><br>FIRST AMENDED TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE<br><br>Confirmation Date: N/A – Trustee's Pending List<br><br>Judge:  Stephen L. Johnson |

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Plan for the following reasons:

1. The plan is in violation of 11 U.S.C. § 1325(a)(4), in that creditors would receive more under Chapter 7 liquidation.  There is excess equity in the Debtor's real or personal property in the amount of 2,937.70.  The following language must be added to Section 7 "Notwithstanding Section 3.14, general unsecured creditors shall receive no less than $2,937.70."

2. The Trustee is unable to determine if the Plan is in compliance with the liquidation test 11 U.S.C. § 1325(a)(4). The Debtor has listed a 1996 Dodge Pickup on Schedule A/B with a current value of $1,232.00. The Debtor provided a Kelly Blue Book printout stating that the fair market value is $1,895.00. The Trustee requests the Debtor file an amended Schedule A/B to list the accurate value.

3. The Trustee is unable to determine if the Plan is in compliance with the liquidation test 11 U.S.C. § 1325(a)(4). The Debtor has listed a 2002 Toyota Highlander on Schedule A/B with a current value of $1,564.00. The Debtor provided a Kelly Blue Book printout stating that the fair market value is $2,076.00. The Trustee requests the Debtor file an amended Schedule A/B to list the accurate value.

4. The Trustee cannot determine whether the plan is feasible under 11 U.S.C. § 1325(a)(6). Pursuant to the Debtor's testimony at the Meeting of Creditors held October 16, 2019 he has new employment. The Trustee requests the Debtor amend Schedule I to list his new employer information and his current income.

5. The Trustee cannot determine whether the plan is feasible under 11 U.S.C. § 1325(a)(6). Pursuant to the Debtor's testimony at the Meeting of Creditors held October 16, 2019 he has new employment. The Trustee requests the Debtor provide all pay advices received from his new employer.

6. The Trustee is unable to determine whether the liquidation test met pursuant to 11 U.S.C. §1325(a)(4) because of the $0.00 value of the claim against Robert McCracken listed on Line 34 of Schedule A/B. In order to assist the Trustee in monitoring the value of this possible asset, the Trustee requests that the Debtor include the following language in an Additional Provision:

"The Debtor shall provide the Trustee with a yearly declaration signed under penalty of perjury, starting with July 2020 which states the status of the claim against Robert McCracken. It shall also state whether the Debtor has received any money; if so, how much received and when received and if any further money expected."

Dated: January 17, 2020 /S/ Devin Derham-Burk

_____

Chapter 13 Trustee

# CERTIFICATE OF SERVICE BY MAIL

I hereby declare that I am over the age of 18 years, not a party to the within cause; my business address is 983 University Ave., Bldg. C-100, Los Gatos, CA 95032. I served the within Objection to Confirmation, by placing same in an envelope in the U.S. Mail at Los Gatos, California on January 17, 2020. Said envelopes were addressed as follows:

| JASON MATTHEW CLAUSING | LAW OFFICES OF AARON LIPTON |
|---|---|
| PO BOX 1491 | 7960 B SOQUEL DR #156 |
| FELTON, CA 95018 | APTOS, CA 95003 |

/S/ Clotilde Costa
Office of Devin Derham-Burk, Trustee