**Aaron Lipton**
Law Offices of Aaron Lipton
7960 B Soquel Drive, no. 156
Aptos, CA 95003
Tel: 831-687-8711
aaron@lipton-legal.com

UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>CLAUSING, Jason<br><br>Debtor | Case No.: 19-51759<br><br>Chapter 13<br><br>**MOTION TO HOLD ROBERT MCCRACKEN IN CONTEMPT OF COURT**<br><br>Date: May 5, 2020<br>Time: 10:30 a.m.<br>Place: 280 S. First Street<br>  Courtroom 9<br>  San Jose, California<br>Judge: Hon. Stephen L. Johnson |

**TO ROBERT MCCRACKEN:**

  Jason Clausing moves the Court to Hold Robert McCracken in Contempt of Court for the willful violation of the Court's previously entered order. Debtor seeks the Court enter a Writ of Body Attachment directing the United States Marshal's Service to incarcerate you and present you before this Court. Debtor further seeks monetary sanctions and reasonable attorney's fees.

MOTION TO HOLD ROBERT MCCRACKEN IN CONTEMPT OF COURT - 1

# STATEMENT OF FACTS

Debtor, Jason Matthew Clausing, filed a Chapter 13 petition on August 30, 2020.

On February 27, 2020, the Court conducted a hearing on Debtor's Motion for Sanctions for Violation of the Automatic Stay and Demand for Turnover of Property. Debtor's counsel appeared at the hearing; Robert McCracken ("McCracken") did not. In denying the motion, the Court found that "If Mr. McCracken possesses any property of the estate, it must be returned to Debtor immediately." That order, accompanied by a cover letter, was mailed to McCracken on March 2, 2020.

On March 26, 2020, the Court conducted a hearing on Debtor's Motion for Sanctions for Violation of the Automatic Stay and Demand for Turnover of Property; Debtor's counsel, counsel for the Chapter 13 Trustee, and counsel for John Deere Construction & Forestry Company appeared at that hearing. Robert McCracken ("McCracken") did not appear. The Court determined that McCracken was in violation of the automatic stay, and directed McCracken to "return all property specified in the Motion to Debtor within 14 calendar days" As part of that order, the Court stated that "If Mr. McCracken fails to comply with this order in any respect, Debtor's counsel may file a motion to hold Mr. McCracken in contempt under Bankruptcy Rule 9020 and may request monetary or other sanctions for that failure."

Debtor's counsel attempted to contact McCracken via telephone on March 26, leaving a voicemail. Debtor's counsel served the Court's order on McCracken via email and first class mail on March 30, 2020. See Certificate of Service, doc. no. 62. Further attempts were made to personally service McCracken on March 30th, 31st, April 1st, and April 2nd via registered process server. See Certificate of Service, doc. no. 63.

Despite multiple attempts to contact McCracken, the whereabouts of the property of

MOTION TO HOLD ROBERT MCCRACKEN IN CONTEMPT OF COURT - 2

Debtor's estate remain unknown.

## POINTS AND AUTHORITIES

**I. THE COURT SHOULD FIND MCCRACKEN IN CONTEMPT OF COURT FOR THE VIOLATION OF THE COURT'S ORDER TO TURNOVER PROPERTY.**

The Court has inherent equitable powers to enforce its own orders via contempt proceedings. The civil contempt powers of the bankruptcy court are based on 11 U.S.C. § 105. *Barrientos v. Wells Fargo Bank*, *N.A.*, 633 F.3d 1186, 1188. (9th Cir. 2011). Federal Rule of Bankruptcy, Rule 9020, provides that "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." Under Rule 9020, the proper means to enforce an existing injunction is via a motion for in the related bankruptcy action. *Barrientos v. Wells Fargo Bank*, *N.A.*, 633 F.3d at 1191. (9th Cir. 2011).

The Court should find McCracken in contempt of Court for his failure to obey the Court's order for turnover of property. "[C]ivil contempt is appropriate when a party fails to comply with a specific and definite court order (internal citations omitted)." *Balla v. Idaho State Bd of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989). The Court in *Balla* went on to state that failure to comply consists of a party not taking all reasonable steps to comply with the Court's order, and that proof of civil contempt requires clear and convincing evidence. *Ibid.* McCracken has shown no signs of obedience with the Court's order. Despite the order being served on McCracken via first class mail March 30, 2020, being served on McCracken via email that same day, and being personally delivered to his place of residence on April 2, 2020, McCracken has taken absolutely no steps to comply with the Court's order. Additionally, Counsel has personally attempted to contact McCracken via telephone, and has received no response. There exists clear and convincing evidence that McCracken is aware of the Court's order and has chosen to ignore

MOTION TO HOLD ROBERT MCCRACKEN IN CONTEMPT OF COURT - 3

the Order.

II. **THE COURT SHOULD ENTER AN ORDER AND WRIT OF BODY ATTACHMENTA DIRECTING THE UNITED STATES MARSHAL'S SERVICE TO TAKE THE MCCRACKEN INTO CUSTODY AND PRESENT HIM BEFORE THE COURT.**

The Court, through its vested civil contempt powers, has the power to enter an order incarcerating McCracken to compel his compliance with the Court's previous lawful orders.

> Whether contempt is criminal or coercive civil is determined by the purpose of the sanction. If the sanction is intended to punish past conduct, and is imposed for a definite amount or period without regard to the contemnor's future conduct, it is criminal. If the sanction is intended to coerce the contemnor to comply with the court's orders in the future, and the sanction is conditioned upon continued noncompliance, it is civil.

*Oliner v. Kontrabecki*, 305 B.R. 510, 521 (Bankr. N.D. Cal. 2004), citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir.1992).

McCracken has shown no signs of acknowledging or complying with the Court's orders. The court has conducted multiple hearings related to the turnover of the subject property and penalties against McCracken, and McCracken has never appeared before the Court. Based on his prior conduct, there is no reason to believe that McCracken will do anything other than continue to ignore future orders of the Court. Therefore, in order to compel compliance, the Court should enter an order incarcerating Order and Writ of Body Attachment directing the United States Marshal's Service to take McCracken into custody and present him before this Court.

III. **THE COURT SHOULD AWARD MONENTARY SANCTIONS FOR COSTS INCURRED IN PURSUIT OF THE ESTATE'S PROPERTY AND TO COMPEL COMPLIANCE WITH THE COURT'S ORDERS.**

11 U.S.C. § 362(k)(1) provides that "Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. Whether the party believes in good faith that it had a right to the property is not

MOTION TO HOLD ROBERT MCCRACKEN IN CONTEMPT OF COURT - 4

relevant to whether the act was "willful" or whether compensation must be awarded. In re Abrams, 127 B.R. 239, 243 (9th Cir. B.A.P. 1991).

"It is settled that the "willfulness test" for automatic stay violations merely requires that: (1) the creditor know of the automatic stay; and (2) the actions that violate the stay be intentional. . . .No specific intent is required; a good faith belief that the stay is not being violated "is not relevant to whether the act was 'willful' or whether compensation must be awarded." In re Peralta, 317 B.R. 381 (9th Cir. B.A.P. 2004); citing In re Goodman, 991 F.2d 613, 618 (9th Cir.1993). A "'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. In re Bloom, 875 F.2d 224 (C.A.9 (Cal.), 1989). In the present case, multiple attempts have been made to inform McCracken of the bankruptcy process, and all have resulted in silence. McCracken continues to enjoy the beneficial use of estate property,

In addition to Section 362, the Court should issue monetary sanctions to compel compliance via Section 105. Debtor is informed and believes that McCracken has been making use of Debtor's estate property to generate income. So long as McCracken is able to continue to generate income and ignore the Court's authority, there is every reason to believe his conduct will not change. Therefore, the Court should issue a judgment sanctioning McCracken $1,000 per day for violation of the order to turnover property of the estate, calculated from March 2, 2020.

IV. **THE COURT SHOULD ISSUE A JUDGMENT SO THAT DEBTOR MAY OBTAIN A WRIT OF EXECUTION IN ORDER TO ENFORCE THAT JUDGMENT AND OBTAIN COMPLIANCE.**

As McCracken has demonstrated his intent to ignore the orders of this Court, any award

MOTION TO HOLD ROBERT MCCRACKEN IN CONTEMPT OF COURT - 5

of damages without an enforcement mechanism will be of little use. Fed. R. Proc. R. 70 (made applicable via Fed. R. Bankr. Proc. 7070) provides that "(d) On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance."

Fed. R. Civ. P. 69(a)(1) provides that "Money Judgment: Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FRCP 69(a)(2) further provides that "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person[.]"

McCracken has demonstrated that absent coercion, there will be no cooperation. In order to compel obedience to the Court's orders, Debtor requests the Court enter an order for possession so that a writ of execution or assistance might be obtained. Furthermore, so that a a monetary damages are enforceable, Debtor requests the Court order a Judgment holding McCracken in contempt so that Debtor may obtain a writ of execution in relation to that award.

## CONCLUSION

Wherefore, Debtor respectfully requests that the Court hold Robert McCracken in Contempt, and:

1. Issue a Writ of Body Attachment, instructing the United States Marshal's Service to take Robert McCracken into custody and present him before this Court;

2. Award Debtor attorney's fees incurred related to the prosecution of this motion;

3. The Court issue an order for possession of estate property in possession of

MOTION TO HOLD ROBERT MCCRACKEN IN CONTEMPT OF COURT - 6

McCracken;

4. That the Court sanction Robert McCracken $1,000 per day for his continued violation of the Court's orders, starting from March 2, 2020;

5. That the Court issue a Judgment regarding the imposition of damages against Robert McCracken; and

6. For any further relief the Court determines equitable and necessary.

Date: April 20, 2020 /s/ Aaron Lipton
Counsel for Debtor

MOTION TO HOLD ROBERT MCCRACKEN IN CONTEMPT OF COURT - 7